■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM REYES, Appellant. [615 NYS2d 450] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughn, J.), rendered June 19, 1992, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court's use of the words "substance" and "consequence" when defining reasonable doubt for the jury violated his right to due process by overstating the degree of doubt necessary for acquittal. We disagree. Recently, in *Victor v Nebraska* (511 US —, 114 S Ct 1239), the United States Supreme Court held that jury instructions which defined reasonable doubt through the use of references to "substantial doubt" did not necessarily render the instructions unconstitutional. Rather, a challenged instruction must be viewed as a whole to determine whether it conveyed the correct reasonable doubt standard to the jury. "[T]he proper inquiry is not whether the instruction 'could have' been applied unconstitutionally, but whether there is a reasonable likelihood that the jury *did* so apply it" *(Victor v Nebraska, supra,* at —, at 1241). Here, the trial court's references to reasonable doubt as "something of consequence", and "something of substance", when viewed in the context of the entire charge, did not create a reasonable likelihood that the jury applied a standard of proof lower than due process

requires. Accordingly, we find that the charge did not improperly overstate the degree of doubt necessary for acquittal.

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.