■ The People of the State of New York, Respondent, v Tyson Sydoriak, Appellant. [991 NYS2d 478]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered May 4, 2011, convicting him of attempted murder in the second degree, upon his plea of guilty, and attempted robbery in the first degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree, attempted criminal possession of a controlled substance in the second degree, and attempted criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the evidence adduced at trial in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

However, a new trial is required because of the trial court's failure to comply with CPL 310.30 in accordance with the procedure set forth in People v O'Rama (78 NY2d 270 [1991]). During deliberations, the jury sent several notes to the trial court, three of which are at issue on this appeal. In a note marked as court exhibit 15, the jury made several requests, beginning with the following question: "Can the jury come to a decision on some but not all counts and not be 'a hung jury?' " Without first reading the note to counsel outside the presence of the jury, the trial court, with all parties and the jury present, read the quoted portion of the note into the record, and then immediately responded to the jury's question by stating: "Well there are provisions in the law that deal with this, however, we haven't gotten to the point at which those provisions have any relevance at this time." The jury subsequently sent the court two more notes, which were marked as court exhibits 16 and 17. Once again, without any consultation with counsel, the trial court called the jury into the courtroom, and addressed these two notes as follows: "Okay. I have both notes. One, please repeat the definition of murder in the second degree. Two, please repeat the first five sentences of that definition, and three, please repeat 2. I assume you are talking about 2, number

2, in the verdict sheet, again, with the elements again. All right. And then the second note is please read back Lockwood's testimony regarding why Fresh a/k/a Kenneth Robinson started shooting." The court then immediately provided the instructions and the readback which it understood the jury to have requested.

Although the defendant failed to object to the manner in which the trial court handled the three jury notes in question, under the circumstances of this case, the *O'Rama* error is not subject to the preservation requirement (*see People v Walston*, 23 NY3d 986, 989-990 [2014]). " '[T]he trial court's core responsibility under the statute is both to give meaningful notice to counsel of the specific content of the jurors' request—in order to ensure counsel's opportunity to frame intelligent suggestions for the fairest and least prejudicial response—and to provide a meaningful response to the jury' " (*People v Alcide*, 21 NY3d 687, 692 [2013], quoting *People v Kisoon*, 8 NY3d 129, 134 [2007]; *see People v Walston*, 23 NY3d at 988-989). "A court's failure to supply a meaningful notice or response constitutes error affecting the mode of proceedings, and therefore presents a question of law for appellate review even in the absence of a timely objection" (*People v Alcide*, 21 NY3d at 692). While a timely objection to an alleged *O'Rama* error may be required where "defense counsel . . . [has] knowledge of the substance of the court's intended response" (*People v Starling*, 85 NY2d 509, 516 [1995]; *see People v Ramirez*, 15 NY3d 824, 825 [2010]), here, it is not evident from the record that defense counsel knew how the trial court would respond to the jury's inquiry, in court exhibit 15, as to whether it could return a partial verdict. Nor is it evident from the record that defense counsel was aware of how the court would interpret the phrase "please repeat 2" in court exhibit 16, or that counsel was aware of which testimony the court would deem to be relevant to "why Fresh, a/k/a Kenneth Robinson started shooting," as requested in court exhibit 17. Rather, as far as the record reveals (*see People v Tabb*, 13 NY3d 852 [2009]), defense counsel first learned of the trial court's response at the same time the jury heard it (*see People v Morris*, 120 AD3d 835 [2014] [decided herewith]). By failing to apprise counsel of the contents of the notes and the substance of its intended responses before calling in the jury, the trial court "failed to meet its core responsibilities of providing defense counsel with meaningful notice and an opportunity to provide input so that the court could give the jury a meaningful response" (*People v Walston*, 23 NY3d at 990; *see People v Morris*, 120 AD3d 835 [2014] [decided herewith]; *People v Lockley*, 84 AD3d 836, 839 [2011]).

In light of our determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Lott, Roman and Cohen, JJ., concur.