THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE MORRIS, Appellant. [991 NYS2d 454]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered July 14, 2010, convicting him of assault in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant allegedly shot the complainant in the face during an argument over a broken door. The defendant was convicted of assault in the first degree and two counts of criminal possession of a weapon in the second degree.

During deliberations, the jury sent the court a note stating: "We the jury request a readback of Gary Richards' testimony." Richards was a witness who was with the complainant at the time that he was shot. Without first reading the note to counsel outside of the presence of the jury, the trial court, with all parties and the jury present, stated on the record that the jury had requested a "read-back of Gary Richards's testimony." It then stated "[w]e are prepared to give it to you right now. This is direct examination of Gary Richards by [the prosecutor]." At that point, the direct examination testimony of Richards was read back to the jury and then the trial court instructed the jury to return to their deliberations. The cross-examination of Richards was not read back to the jury.

On appeal, the defendant contends that the trial court's procedure for handling the jury note requesting a readback of

Richards's testimony violated the procedure for complying with CPL 310.30 set forth in *People v O'Rama* (78 NY2d 270, 277-278 [1991]). Although the defendant failed to object to the manner in which the trial court handled the note, under the circumstances of this case, the *O'Rama* error is not subject to the preservation requirement (*see People v Walston*, 23 NY3d 986, 989-990 [2014]). " '[T]he trial court's core responsibility under the statute is both to give meaningful notice to counsel of the specific content of the jurors' request—in order to ensure counsel's opportunity to frame intelligent suggestions for the fairest and least prejudicial response—and to provide a meaningful response to the jury' " (*People v Alcide*, 21 NY3d 687, 692 [2013], quoting *People v Kisoon*, 8 NY3d 129, 134 [2007]; *see People v Walston*, 23 NY3d at 988-989). "A court's failure to supply a meaningful notice or response constitutes error affecting the mode of proceedings, and therefore presents a question of law for appellate review even in the absence of a timely objection" (*People v Alcide*, 21 NY3d at 692). While a timely objection to an alleged *O'Rama* error may be required where the jury requests a readback and "defense counsel . . . [has] knowledge of the substance of the court's intended response" (*People v Starling*, 85 NY2d 509, 516 [1995]; *see People v Ramirez*, 15 NY3d 824, 825 [2010]), here, it is not evident from the record that defense counsel was aware that the trial court would give only part of a witness's testimony in response to a jury note, such as the one at issue here, requesting a readback. By failing to apprise counsel of the content of the note and the substance of its intended response before calling in the jury, the trial court "failed to meet its core responsibilities of providing defense counsel with meaningful notice and an opportunity to provide input so that the court could give the jury a meaningful response" (*People v Walston*, 23 NY3d at 990; *see People v Lockley*, 84 AD3d 836, 839 [2011]).

Furthermore, by providing the jury with only a partial readback, the trial court violated its separate obligation under CPL 310.30 to provide a "meaningful response" to the jury (*People v Kisoon*, 8 NY3d at 134). While defense counsel did not object to the partial readback, this error, too, is not subject to the preservation rule, since it is evident from the record that the trial court failed to satisfy this core responsibility (*see id.* at 134-135). Although a defense counsel who is given notice of the trial court's intended response might be expected to object at a time when counsel "had an opportunity to ask [the court] to alter course" (*People v Alcide*, 21 NY3d at 694), counsel here had no such opportunity because he learned of the trial court's response at the same time the jury heard it. The trial court

failed to meaningfully respond to the note when it failed to include in the readback the cross-examination of Richards, which included testimony that was detrimental to the prosecution and relevant to the defense. Among other things, Richards's testimony on cross-examination revealed that he was intoxicated when he was interviewed by the police on the night of the incident. Richards also testified on cross-examination that he truthfully told the police on the night of the incident that the complainant had a dispute with an unknown male, even though Richards testified on direct examination that he had seen the defendant on approximately a dozen prior occasions. Further, Richards testified on cross-examination that the complainant was holding a bag containing a 40-ounce bottle of beer while he was arguing with the defendant, despite testifying on direct examination that the complainant had nothing in his hands. As a result, the trial court's failure to provide the jury with Richards's testimony on cross-examination during the readback seriously prejudiced the defendant (*see People v Clark*, 108 AD3d 797, 800 [2013]; *People v Lewis*, 262 AD2d 584, 584 [1999]; *see also People v Smith*, 68 AD3d 1021, 1022 [2009]; *People v Brown*, 262 AD2d 569, 569 [1999]).

The defendant's contention that the trial court's instructions to the jury on the issue of reasonable doubt were constitutionally inadequate is without merit because the instructions, on the whole, conveyed the correct standard to be employed by the jury (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v King*, 73 AD3d 1083, 1084 [2010]; *People v Coles*, 62 AD3d 1022, 1023 [2009]; *People v Love*, 37 AD3d 618, 619 [2007]; *People v Sanchez*, 29 AD3d 608 [2006]; *People v Reyes*, 207 AD2d 362, 362-363 [1994]). However, the trial court is cautioned to rely on the most recent version of New York's Criminal Jury Instructions rather than recite from older versions. Dillon, J.P., Leventhal, Hall and Cohen, JJ., concur.