================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 208
The People &c.,
          Respondent,
        v.
Julian Silva,
          Appellant.
-----------------------
No. 209
The People &c.,
          Respondent,
        v.
Pamela Hanson,
          Appellant.

No. 208:
          John R. Lewis, for appellant.
          Susan Axelrod, for respondent.

No. 209:
          Steven R. Bernhard, for appellant.
          Leonard Joblove, for respondent.

GRAFFEO, J.:

          In these cases, we must decide whether a mode of
proceedings error occurs under People v O'Rama (78 NY2d 270
[1991]) and its progeny when a court accepts a verdict without
affirmatively acknowledging or responding to a jury's substantive

- 1 -

request for information during deliberations.

                                        I

People v Julian Silva:

        Defendant Julian Silva was charged with weapon possession and various drug offenses, including criminal sale of a controlled substance in the first degree.  During the morning of the second day of deliberations, the jury sent a note asking for "the wire transcript mentioning the gun" and the "judges [sic] instructions on count #3 - weapon possession."  The note was marked as court exhibit two, but nothing in the record affirmatively demonstrates that the court informed the parties about the jury's inquiry.  About one hour later, the jury sent another note, marked as court exhibit three, stating that a verdict had been reached.  The jurors were brought to the courtroom, the verdict was announced and defendant was found guilty of first-degree drug sale, attempted third-degree weapon possession and other offenses.

        On appeal to the Appellate Division, defendant claimed that the court's handling of the note marked as court exhibit two constituted a mode of proceedings error under O'Rama.  Because it was "impossible to determine if the note was presented to the judge or if the jury reached a verdict without the judge being aware they had submitted the note," the Appellate Division rejected defendant's assertion and affirmed (99 AD3d 522, 523 [1st Dept 2012]).  A Judge of this Court granted defendant leave

to appear (21 NY3d 1020 [2013]).

People v Pamela Hanson:

Defendant Pamela Hanson was charged with murdering an acquaintance. The jury sent a series of notes to the court during deliberations, and the second note, issued at 1:04 P.M., was marked as court exhibit four and requested "First Det. Statement." The third note, sent at 1:21 P.M. and marked as court exhibit five, read: "To clear up the first note, we would like to hear Det. Moss [sic] direct examination." The jury's fourth and final note, bearing the time 2:12 P.M. and marked court exhibit six, informed the court that the jury had arrived at a verdict. The transcript does not show that the court was aware of the second or third jury note, or that the notes were shared with the parties before the jury convicted defendant of second-degree murder and fourth-degree grand larceny.

The Appellate Division affirmed (100 AD3d 771 [2d Dept 2012]) and a Judge of this Court granted defendant leave to appeal (21 NY3d 1016 [2013]).

II

Defendants assert that the trial courts committed mode of proceedings errors under the O'Rama rule by accepting the verdicts without acknowledging or responding to jury notes that requested specific information for use in jury deliberations. The People submit that the presumption of regularity permits an inference that the trial courts informed defense counsel about

the contents of the jury notes and that O'Rama does not obligate a trial court to make a record documenting that action. In defendant Hanson's case, the People alternatively ask us to overrule our precedent that establishes an O'Rama violation as a mode of proceedings error.

CPL 310.30 is the primary statutory authority governing the handling of requests for information from a deliberating jury. It requires trial courts to give "notice to both the people and counsel for the defendant" before responding to a note from a deliberating jury (CPL 310.30; see e.g. People v Alcide, 21 NY3d 687, 691-692 [2013]). In O'Rama (78 NY2d 270 [1991]), we carefully explained that a court's "core responsibility under the statute is both to give meaningful notice to counsel of the specific content of the jurors' request -- in order to ensure counsel's opportunity to frame intelligent suggestions for the fairest and least prejudicial response -- and to provide a meaningful response to the jury" (People v Kisoon, 8 NY3d 129, 134 [2007], citing People v O'Rama, 78 NY2d at 277). In furtherance of these requirements, a court must read a jury note "verbatim" so that the parties have "the opportunity to accurately analyze the jury's deliberations and frame intelligent suggestions for the court's response" (Kisoon, 8 NY3d at 135).

We outlined in O'Rama the step-by-step procedure that should be followed when a deliberating jury requests information (see 78 NY2d at 277-278). First, a note should be marked as a

court exhibit and read into the record in the presence of the attorneys before the jury is returned to the courtroom.  Second, the judge should then allow counsel to comment and recommend responses to the jury's inquiry.  Third, the judge should articulate the substance of its proposed response and allow the attorneys to offer modifications before the jury returns to the courtroom.  And, fourth, the judge should read the note to the jury to correct any inaccuracies before providing "such requested information or instruction as the court deems proper" (CPL 310.30).

As a general rule, errors in criminal cases are reviewable on appeal only if they are adequately preserved by the appellant (see CPL 470.05 [2]).  A "'very narrow' exception" to the preservation rule exists for a "limited class" of so-called "mode of proceedings" errors that "'go to the essential validity of the process and are so fundamental that the entire trial is irreparably tainted'" (People v Rivera, 23 NY3d 827, 831 [2014], quoting People v Kelly, 5 NY3d 116, 119–120 [2005]).  A trial court's failure to fulfill the "core responsibility" under O'Rama is treated as a mode of proceedings error (see People v Kisoon, 8 NY3d at 135).  O'Rama, however, was not designed "to mandate adherence to a rigid set of procedures, but rather to delineate a set of guidelines calculated to maximize participation by counsel at a time when counsel's input is most meaningful" (People v Alcide, 21 NY3d at 692 [internal quotation marks omitted]).

Although not every violation of CPL 310.30 is immune from normal preservation principles (see e.g. People v Mays, 20 NY3d 969, 971 [2012]; People v Ippolito, 20 NY3d 615, 625 [2013]; People v Williams, 21 NY3d 932, 934-935 [2013]; People v Kadarko, 14 NY3d 426, 429-430 [2010]), a failure to apprise counsel about the specific contents of a substantive note from a deliberating jury violates the fundamental tenants of CPL 310.30 and qualifies as a mode of proceedings error (see e.g. People v Kisoon, 8 NY3d at 135). The record therefore must indicate compliance with adequate procedures under O'Rama because reviewing courts "cannot assume" that the proper procedure was utilized when the record is devoid of information as to how jury notes were handled (see People v Walston, 23 NY3d 986, 990 [2014]). The "presumption of regularity" (see e.g. People v Velasquez, 1 NY3d 44, 48 [2003]) cannot salvage an O'Rama error of this nature (see People v Tabb, 13 NY3d 852, 852 [2009]) and this is not the first time -- contrary to our dissenting colleague's belief -- that a judge's apparent unawareness of a jury note or unresponsiveness has led to a new trial (see People v Cruz, 14 NY3d 814, 816 [2010]).[1] And, somewhat ironically, the dissent recognizes that the errors in these appeals were so fundamental that they are exempt from the preservation rule (see dissenting op at 3).

_____

[1] Nor are we persuaded by the dissent's reliance on pre-O'Rama cases that imposed a "serious prejudice" requirement (see People v Agosto, 73 NY2d 963, 966 [1989]; People v Lourido, 70 NY2d 428, 435 [1987]).

The People urge us to disavow our holding in Walston (23 NY3d 986 [2014]) that imposes an affirmative obligation on a trial court to create a record of compliance under CPL 310.30 and O'Rama. We recently discussed the principles underlying the doctrine of stare decisis (see People v Peque, 22 NY3d 168, 194 [2013], cert denied sub nom Thomas v New York, __ US __, 135 S Ct 90 [2014]) and it is sufficient for us to reiterate that a "compelling justification" is required to cast aside precedent (id.; see People v Lopez, 16 NY3d 375, 384 n 5 [2011]).

Such a circumstance is absent in these appeals. Walston (23 NY3d 986 [2014]) broke no new ground -- it built upon prior law (see People v Tabb, 13 NY3d at 852) and advanced the two requirements that we identified over 20 years ago in O'Rama: that parties must be given meaningful notice of a jury's request for substantive information; and that deliberating jurors must receive a meaningful response to their inquiry (see People v O'Rama, 78 NY2d at 277; see also People v Kisoon, 8 NY3d at 134). These mandates were not satisfied in the two cases now before us since the substantive jury notes, marked as court exhibits, were neither revealed to the attorneys nor addressed by the courts. Those deficiencies could have been easily avoided by making a record of compliance with the O'Rama guidelines. If there was uncertainty regarding the number of notes that had been forwarded during deliberations, the best practice would have been for the judge to inquire before the verdict was announced. Since that

did not occur in these cases, defendants are entitled to new trials.[2]

* * *

Accordingly, in People v Silva, the order of the Appellate Division should be modified by vacating the conviction of attempted criminal possession of a weapon in the third degree, with leave to the People to present a charge of that offense to a new grand jury and, as so modified, affirmed.  In People v Hanson, the order of the Appellate Division should be reversed and a new trial ordered.

---

[2] Defendant Silva's drug-related convictions may be upheld because the information requested by the jury was restricted to attempted weapon possession (see People v Walston, 23 NY3d at 990) and no reversible error occurred during the People's summation.  Since the indictment did not include a count of attempted weapon possession, however, the People may retry Silva for that offense only if a grand jury charges him with that crime (see People v Mayo, 48 NY2d 245, 253 [1979]).

People v Julian Silva
People v Pamela Hanson

Nos. 208 & 209


SMITH, J.(dissenting in People v Silva and concurring in People v Hanson):


We have never previously applied the automatic-reversal rule of People v O'Rama (78 NY2d 270 [1991]) in a case where the jury sent a note to which the trial court never responded. O'Rama, and all the cases following it, were cases in which the court responded without complying with the O'Rama protocol. (People v Cruz [14 NY3d 814 (2010)], cited by the majority [majority op at 6], is not an exception; the defendant in Cruz relied on O'Rama, but O'Rama was not the basis for our decision.) Cases in which the jury sends a note and then returns a verdict before the court has answered have always been, and should still be, governed by our decisions in People v Lourido (70 NY2d 428, 435 [1987]) and People v Agosto (73 NY2d 963 [1989]), which require reversal only where the defendant is prejudiced by the failure to respond.

In Lourido, we found an error sufficient, in combination with others, to compel reversal where the jury requested a read-back of the cross-examination of a key witness, received no response and rendered a verdict some three hours later; we implied that the court should at least have asked the

- 1 -

jury, before accepting the verdict, whether it still wanted the testimony read back (id. at 431-433).  In Agosto, by contrast, we affirmed a conviction on a jury verdict rendered 20 minutes after two jurors had (in the late morning) sent a note asking that the jury be dismissed before sundown.  We found no "significant probability of any prejudice to defendant" (id. at 967).

The majority seems to assume that a case in which a court responds to a jury note without proper input from defense counsel is indistinguishable from one in which the court neither seeks input from defense counsel nor responds at all, and that O'Rama must therefore be read as having superseded Lourido and Agosto.  But O'Rama itself distinguished Agosto on the ground that in O'Rama "the trial court did respond to the juror's inquiry" (O'Rama, 78 NY2d at 280).  Perhaps the distinction is a fine one, but it does not seem unreasonable to say that a response tainted by flawed procedure is worse than no response at all.  Because I find O'Rama a troubling case, for reasons I have previously explained (see People v Walston, 23 NY3d 986, 990-992 [2014] [Smith, J., concurring]), I would not extend it to a situation not clearly within its scope.

Thus I would apply Lourido and Agosto to these cases. The consequences of doing so are not obvious, because the delays here, about an hour in each case, were longer than in Agosto but shorter than in Lourido, and because the juries' inquiries in these cases, unlike the one in Agosto, were substantive.  I would

put Silva on the Agosto side of the line: I do not see, under all of the circumstances, a significant possibility that the failure to respond to the jury's note prejudiced defendant in that case. On the other hand, Hanson, like Lourido, involved a jury request for the read-back of critical testimony, and I cannot say there was no prejudice caused by the court's failure to respond. Thus I would affirm in Silva, but I concur in the decision to reverse in Hanson.

Lest my silence be taken for acquiescence, I will mention that I still think, as I did when I wrote my concurrence in Walston, that O'Rama's holding on the question of mode of proceedings error should be reconsidered in a proper case. But I do not think this case presents that issue. The problem I wrote about in Walston was the holding in O'Rama that a failure to follow O'Rama's teachings is an error exempt from the preservation requirement. Here, there is no indication in the record of either case that defendants ever saw or knew about the jury notes that went unanswered. Thus they cannot be faulted for failing to preserve any error, and whether we should revisit the O'Rama holding on preservation is a question for a future case.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For Case No. 208:  Order modified by vacating the conviction of attempted criminal possession of a weapon in the third degree, with leave to the People, if they be so advised, to resubmit a charge of attempted criminal possession of a weapon cin the third degree to a new grand jury and, as so modified, affirmed. Opinion by Judge Graffeo.  Chief Judge Lippman and Judges Read, Pigott and Rivera concur.  Judge Smith dissents in an opinion. Judge Abdus-Salaam took no part.


For Case No. 209:  Order reversed and a new trial ordered. Opinion by Judge Graffeo.  Chief Judge Lippman and Judges Read, Pigott and Rivera concur.  Judge Smith concurs in result in an opinion.  Judge Abdus-Salaam took no part.


Decided November 24, 2014