■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS COTTON, Appellant. [6 NYS3d 286]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered April 18, 2011, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

CPL 310.30 requires that trial courts give notice to the People and the defense before responding to a note from a deliberating jury (*see People v Silva*, 24 NY3d 294, 298 [2014]; *People v Walston*, 23 NY3d 986, 988-989 [2014]; *People v O'Rama*, 78 NY2d 270, 276 [1991]). A court's " 'core responsibility under the statute is both to give meaningful notice to counsel of the specific content of the jurors' request—in order to ensure counsel's opportunity to frame intelligent suggestions for the fairest and least prejudicial response—and to provide a meaningful response to the jury' " (*People v Silva*, 24

NY3d at 298-299, quoting *People v Kisoon*, 8 NY3d 129, 134 [2007]). Meaningful notice means notice of the "actual specific content of the jurors' request" (*People v O'Rama*, 78 NY2d at 277; *see People v Walston*, 23 NY3d at 989), and "a court must read a jury note 'verbatim' so that the parties have 'the opportunity to accurately analyze the jury's deliberations and frame intelligent suggestions for the court's response' " (*People v Silva*, 24 NY3d at 299, quoting *People v Kisoon*, 8 NY3d at 135).

"Although not every violation of CPL 310.30 is immune from normal preservation principles, a failure to apprise counsel about the specific contents of a substantive note from a deliberating jury violates the fundamental tenants of CPL 310.30 and qualifies as a mode of proceedings error," which does not require preservation (*People v Silva*, 24 NY3d at 299-300 [citations omitted]).

Here, the trial court's failure to share the entire contents of a substantive note from the jury constituted a mode of proceedings error requiring reversal (*see People v Walston*, 23 NY3d at 990; *see also People v Morris*, 120 AD3d 835 [2014]; *People v Sydoriak*, 120 AD3d 840 [2014]).

While defense counsel's failure to review a surveillance video in its entirety is troublesome, in light of our determination, we need not reach the defendant's claim of ineffective assistance of counsel or the defendant's remaining contentions, including those raised in his pro se supplemental brief. Rivera, J.P., Austin, Roman and Barros, JJ., concur.