■ The People of the State of New York, Respondent, v Devin T. Burley, Appellant. [27 NYS3d 858]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), rendered February 11, 2014, convicting defend-

ant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him to a term of five years' probation, unanimously reversed, on the law, and the matter remanded for a new trial.

Reversal is unavoidable, because the file contains a jury note, making a substantive legal inquiry, that was marked as an exhibit but not referred to on the record in any manner. There is no evidence that it was revealed to counsel, or that the court gave the jury any response (*see People v Silva*, 24 NY3d 294, 300 [2014]). Accordingly, the record does not show that the court fulfilled its "core responsibility" of giving counsel "meaningful notice" of the contents of the note, and of providing a "meaningful response" to the jury (*People v Kisoon*, 8 NY3d 129, 134 [2007]).

Since a new trial is required, we find it unnecessary to reach any other issues (*see People v Evans*, 94 NY2d 499, 504-505 [2000]). Concur—Tom, J.P., Friedman, Richter, Gische and Gesmer, JJ.