■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GUILLORLY, Appellant. [28 NYS3d 882]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered May 22, 2013, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously reversed, on the law, and the matter remanded for a new trial.

The court paraphrased two substantive jury notes rather than reading them into the record verbatim, and the record fails to demonstrate that defendant otherwise received "notice of the actual specific content of the jurors' request[s]" (*People v O'Rama,* 78 NY2d 270, 277 [1991]). Accordingly, a mode of proceedings error occurred, requiring reversal of defendant's conviction even in the absence of objection (*see People v Walston,* 23 NY3d 986, 989 [2014]). "Where a trial transcript does not show compliance with *O'Rama*'s procedure as required by law, we cannot assume that the omission was remedied at an off-the-record conference that the transcript does not refer to" (*id.* at 990). The portions of the record cited by the People as evidence supporting an inference that these notes were revealed to counsel in their entirety are actually consistent with the notes having been described or paraphrased.

In light of this determination, we find it unnecessary to address any other issues. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Gesmer, JJ.