■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN THOMAS, Appellant. [46 NYS3d 130]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Firetog, J.), rendered September 27, 2012, convicting him of murder in the second degree, assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

According to the evidence adduced at trial, in the early morning hours of June 18, 2011, a man opened fire at a crowded party in Brooklyn, fatally striking one person and seriously injuring two others. Immediately after the shooting, the police witnessed an individual toss a gun underneath a car. That individual gave a videotaped statement to the police, which was played for the jury, wherein he stated that he worked security at the party and that he grabbed the gun from a man he knew as "Tah" after the shooting. The gun was later proven to be the one fired at the party. No physical evidence tied the defendant to the gun, but he eventually became a suspect and was indicted for crimes arising from the incident. At trial, although a few witnesses gave general descriptions of the shooter, only one of them identified the defendant as the shooter. A jury found the defendant guilty of murder in the second degree, assault in the first degree (two counts), and criminal possession of a weapon in the second degree.

The defendant's contention that the evidence was legally insufficient to support his convictions because the prosecution failed to establish his identity as the perpetrator of those crimes is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Delgado, 109 AD3d 483 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (see People v Wiggs, 130 AD3d 659, 659 [2015], revd 28 NY3d 987 [2016]; People v Delgado, 109 AD3d 483 [2013]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]) we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all charges was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

However, as the People correctly concede, a new trial is

required based upon the Supreme Court's failure to comply with CPL 310.30, in accordance with the procedures set forth in *People v O'Rama* (78 NY2d 270 [1991]). "Criminal Procedure Law § 310.30 imposes two responsibilities on trial courts upon receipt of a substantive note from a deliberating jury: the court must provide counsel with meaningful notice of the content of the note, and the court must provide a meaningful response to the jury" (*People v Mack*, 27 NY3d 534, 536 [2016]; *see People v O'Rama*, 78 NY2d at 276-277). A trial court's failure to provide meaningful notice to counsel falls within the narrow class of mode of proceedings errors for which preservation is not required (*see People v Mack*, 27 NY3d at 536; *People v Walston*, 23 NY3d 986, 989-990 [2014]; *People v O'Rama*, 78 NY2d at 279). Moreover, "[i]n the absence of record proof that the trial court complied with its core responsibilities under CPL 310.30, a mode of proceedings error occur[s] requiring reversal" (*People v Tabb*, 13 NY3d 852, 853 [2009]; *see People v Mack*, 27 NY3d at 538; *People v Walston*, 23 NY3d at 990).

Here, the jury submitted a note stating, "Please clarify 1st degree assault; 2nd degree assault; 2nd degree manslaughter [and] 2nd degree murder." The Supreme Court did not read the contents of the note into the record at any point, and there is no record indication that the court communicated to the parties that a jury note had been received. Instead, after a recess for deliberations, the court merely stated "let us revisit these counts," and then it gave the charges for those offenses. The court's failure to provide counsel with meaningful notice of a substantive jury note was a mode of proceedings error (*see People v Walston*, 23 NY3d 986 [2014]), which requires reversal of the judgment and a new trial (*see People v Patterson*, 39 NY2d 288, 295-296 [1976], *affd* 432 US 197 [1977]).

Contrary to the People's contention, the defendant's conviction of criminal possession of a weapon in the second degree must be vacated with his other convictions. "Whether an error in the proceedings relating to one count requires reversal of convictions on other jointly tried counts is a question that can only be resolved on a case-by-case basis" (*People v Baghai-Kermani*, 84 NY2d 525, 532 [1994]; *see People v Concepcion*, 17 NY3d 192, 196 [2011]; *People v Doshi*, 93 NY2d 499, 505 [1999]). The reviewing court must evaluate "the individual facts of the case, the nature of the error and its potential for prejudicial impact on the over-all outcome" (*People v Baghai-Kermani*, 84 NY2d at 532; *see People v Concepcion*, 17 NY3d at 196-197; *People v Doshi*, 93 NY2d at 505). When the error at issue relates to a mistake in the court's charge to the jury, the

primary focus is on any effect the error "might have had on the jury's ability to deliberate fairly on the non-tainted counts, although attention must of course be paid as well to the evidentiary relationship between the tainted counts and the non-tainted counts" (*People v Doshi*, 93 NY2d at 505). Reversal is required if "there is a 'reasonable possibility' that the jury's decision to convict on the tainted counts influenced its guilty verdict on the remaining counts in a 'meaningful way' " (*id.*, quoting *People v Baghai-Kermani*, 84 NY2d at 532-533). In this case, given the evidentiary relationship between the tainted counts and the weapon possession count, it cannot be said that there is no reasonable possibility that the jury's decision to convict on the other counts did not influence its guilty verdict on the weapon possession count (*see People v Brockett*, 74 AD3d 1218, 1220 [2010]; *People v Tabb*, 180 AD2d 770, 771 [1992]; *cf. People v Walston*, 23 NY3d at 990). Consequently, the defendant is entitled to vacatur of the weapon possession conviction.

The defendant's contention that the Supreme Court erred by allowing the videotaped statement of an unsworn witness to be played for the jury is without merit. In a criminal case, the out-of-court statements of a witness may be admitted as direct evidence at trial where, inter alia, the witness is unavailable to testify and proof establishes that the witness's unavailability was procured by intentional misconduct on the part of the defendant (*see People v Geraci*, 85 NY2d 359, 366 [1995]; *see also Giles v California*, 554 US 353 [2008]; *People v Smart*, 23 NY3d 213, 220 [2014]). Circumstantial evidence may be used to establish that a witness's unavailability was procured by the defendant (*see People v Geraci*, 85 NY2d at 369). However, the cumulative evidence and the inferences that logically flow therefrom must be sufficient to support a determination, under the clear and convincing evidence standard, that the defendant either was responsible for, or acquiesced in, the conduct that rendered the witness unavailable for trial (*see id.* at 370).

Here, the Supreme Court properly determined, after a *Sirois* hearing (*see Matter of Holtzman v Hellenbrand*, 92 AD2d 405 [1983]), that the People presented clear and convincing evidence that the defendant's intentional misconduct caused the subject witness to be unavailable to testify at the trial. Accordingly, the People were properly allowed to use the witness's statement as part of their direct case at trial (*see People v Geraci*, 85 NY2d at 362). The statement was also not so devoid of reliability as to offend due process (*see People v Cotto*, 92 NY2d 68, 78 [1998]; *People v Wilson*, 115 AD3d 891 [2014]).

The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination. Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.