The People of the State of New York, Respondent,
against
Vincent Cea, Appellant.


Suffolk County Legal Aid Society (Edward E. Smith of counsel), for appellant.
Suffolk County District Attorney (Elizabeth Miller of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Patricia T. Grant Flynn, J.), rendered June 23, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the third degree, and imposed sentence.
ORDERED that the judgment of conviction is reversed, on the law, and the matter is remitted to the District Court for a new trial.
On this appeal from a judgment convicting him, upon a jury verdict, of assault in the third degree (Penal Law § 120.00 [1]), defendant contends, among other things, that the District Court's handling of a jury note failed to comply with the requirements of CPL 310.30 in accordance with the procedures set forth in People v O'Rama (78 NY2d 270 [1991]). Pursuant to CPL 310.30, when a jury requests further information during deliberations, "the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper." It is well settled that " 'departures from the O'Rama procedures are not subject to preservation rules' " (People v Parker, 32 NY3d 49, 59 [2018], quoting People v Walston, 23 NY3d 986, 989 [2014]), and the Court of Appeals has repeatedly stated that it is the court's responsibility to create a record showing compliance with CPL 310.30 (see People v Parker, 32 NY3d at 60; People v Morrison, 24 NY3d 951, 965 [2018]; People v Walston, 23 NY3d at 990). " '[I]n the absence of record proof that the trial court complied with its core responsibilities under CPL 310.30, [*2]a mode of proceedings error occurred requiring reversal' " (People v Parker, 32 NY3d at 61, quoting People v Tabb, 13 NY3d 852, 853 [2009]). 
A review of the record on appeal indicates that, after the jury was charged, but prior to the start of deliberations, the People and defense counsel waived their right to be present if the jury requested to review items that had been admitted into evidence at trial.[FN1]
After deliberations commenced, the jury submitted a note. The District Court read the contents of the note into the record, which included the jury's request for "a hard copy of the law regarding Assault in the Third Degree and the definitions and terms specifically as to what [is] intent and injury." The record indicates that, when the jurors entered the courtroom, the court informed the jurors that it would not provide them with a "hard copy," but would read the definitions and instructions to them again, which it did. As the record does not show compliance with CPL 310.30, this mode of proceedings error mandates reversal (see People v Parker, 32 NY3d at 61).
Accordingly, the judgment of conviction is reversed and the matter is remitted to the District Court for a new trial.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2018
Footnotes

Footnote 1:This waiver did not purport to include a waiver of the right to be present if the court addressed a jury request for information or instructions regarding the law.