People v Copeland (2019 NY Slip Op 06507)





People v Copeland


2019 NY Slip Op 06507


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2013-05443
 (Ind. No. 10308/10)

[*1]The People of the State of New York, respondent,
v
Jimmy Copeland, appellant.


Janet E. Sabel, New York, NY (Justine M. Luongo and Steven J. Miraglia), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered May 13, 2013, convicting him of murder in the first degree, criminal possession of a weapon in the second degree, and conspiracy in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that the testimony of the defendant's accomplices was sufficiently corroborated (see CPL 60.22[1]; People v Reome, 15 NY3d 188, 194; People v Echols, 144 AD3d 702, 702; People v Sudhan, 83 AD3d 874, 874), and that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Pelosi, 128 AD3d 733, 734).
However, a new trial is required based upon the Supreme Court's failure to comply with CPL 310.30 in accordance with the procedures set forth in People v O'Rama (78 NY2d 270). CPL 310.30 imposes two separate duties on the court upon receipt of a substantive note from a deliberating jury: the court must provide counsel with meaningful notice of the content of the note, and the court must provide a meaningful response to the jury (see People v Mack, 27 NY3d 534, 536; People v O'Rama, 78 NY2d at 276-277). "Meaningful notice means notice of the actual specific content of the jurors' request'" (People v Cotton, 127 AD3d 778, 779, quoting People v O'Rama, 78 NY2d at 277; see People v Morrison, 32 NY3d 951, 952; People v Parker, 32 NY3d 49, 59; [*2]People v Mack, 27 NY3d at 538).
Contrary to the People's contention, in order to satisfy the requirements of O'Rama, the note must be read verbatim into the record (see People v Morrison, 32 NY3d at 952; People v Nealon, 26 NY3d 152, 157; People v Kisoon, 8 NY3d 129, 135). A trial court does not satisfy its responsibility to provide counsel with meaningful notice of a substantive jury inquiry by summarizing the substance of the note (see People v Nealon, 26 NY3d at 156).
Such a failure to provide meaningful notice falls within the narrow class of mode of proceedings errors for which preservation is not required (see People v Mack, 27 NY3d at 541; People v Walston, 23 NY3d 986, 989-990; People v O'Rama, 78 NY2d at 279). "In the absence of record proof that the trial court complied with its core responsibilities under CPL 310.30, a mode of proceedings error occur[s] requiring reversal" (People v Tabb, 13 NY3d 852, 853; see People v Thomas, 146 AD3d 991, 993).
Here, the jury submitted a note stating, "We would like to see the difference between first and second degree murder. (Powerpoint)." The Supreme Court informed counsel, the defendant, and the codefendant that the jurors "want to be recharged on first degree and second degree." The jury was brought back into the courtroom, and the court told the jury that, after a previously requested readback was done, the court would "review with [the jury] first and second degree murder charges." The court thereafter reread the instructions on first- and second-degree murder.
The jury submitted another note which read, "Phone Records Between Jimmy & Ragene — When Did Communication Start?" During a discussion on the record, the Supreme Court mentioned that the jurors "want to know when did the communications start. And the communications started on June 11. And the stipulation covers it. So we'll read back the stipulation." The defendant's counsel indicated that he "underst[oo]d the ruling" and "ha[d] an exception," and argued that a certain question and answer from the transcript should be included. After the jury was brought back into the courtroom, the court stated: "We received your note. We brought in the records for you. There was a stipulation that was entered into between the parties concerning your request of when did the communications start. And I am going to have the court reporter read you that stipulation at this time." The court reporter then read the stipulation, and the court told the jury that the jury had "the records concerning that call if [the jury] want[s] to look at them."
The record reveals that the Supreme Court did not read the entire contents of these two jury notes into the record, and there was no indication that the entire contents of the notes otherwise were shared with counsel (see People v Gedeon, 162 AD3d 1065, 1066). Rather, the court improperly paraphrased the notes (see People v Mack, 27 NY3d at 541; People v Nealon, 26 NY3d at 157; People v O'Rama, 78 NY2d at 279).
Counsel's awareness of the existence of a note does not effectuate the court's proper discharge of its statutory duty (see People v Parker, 32 NY3d at 59; People v Walston, 23 NY3d at 990). Although defense counsel may have been made aware of the existence and gist of the second note during an off-the-record discussion, this is insufficient to establish that counsel had been made aware of the precise contents of the note (see People v Morrison, 32 NY3d at 952). Where a trial transcript does not show compliance with O'Rama's procedure, it cannot be assumed that the omission was remedied at an off-the-record conference to which the transcript does not refer (see id.).
As such, the Supreme Court committed a mode of proceedings error when it failed to provide counsel with meaningful notice of the precise contents of substantive juror inquiries, and therefore, reversal is required (see People v Morrison, 32 NY3d at 952; People v Nealon, 26 NY3d at 157; People v Wood, 164 AD3d 1481, 1482; People v Gedeon, 162 AD3d at 1067; People v Thomas, 146 AD3d at 993).
The defendant's remaining contentions have been rendered academic in light of our determination.
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court