People v Jamison (2024 NY Slip Op 02286)

People v Jamison

2024 NY Slip Op 02286

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Ind. No. 3438/16, 4838/16 Appeal No. 1869-1869A Case No. 2019-1472 

[*1]The People of the State of New York, Respondent,
v
Richard Jamison, Appellant.

Twyla Carter, The Legal Aid Society, New York (Paul Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Max Bernstein of counsel), for respondent.

Judgments, Supreme Court, New York County (Bonnie G. Wittner, J., at plea; Diane Kiesel, J., at jury trial and sentencing), rendered August 21, 2018, convicting defendant, after a jury trial, of criminal contempt in the first degree (three counts), and also convicting him, upon his plea of guilty, of criminal contempt in the first degree, and sentencing him to an aggregate term of 2 &frac23; to 8 years, unanimously modified, on the law, to the extent of vacating the conviction under indictment No. 4838/16 and remanding for a new trial, and otherwise affirmed.
During deliberations, the jury sent out five notes, four of which are not at issue. The first note asked for all the evidence to be provided for the jury to review. The second note asked for a written explanation of the court's instructions and defendant's full testimony. The third note again requested defendant's testimony. The fifth and final note, signed at 12:35 p.m., on June 22, stated that the jury had reached a verdict. Each of these notes were read into the record, discussed between counsel and the court, following which a response was given to the jury.
The jury's fourth note, pertained to count one of the indictment No. 4838/16, which charged defendant with first-degree criminal contempt under Penal Law § 215.51(b)(ii).
The fourth note stated: "We the jury request to hear the judge's reading of count 1, including definitions and detail. Further, can you please confirm if it is up to our determination to decide if something is considered as "course of conduct" and "act"? As written on the verdict sheet, count 1 states "engaging in a course off conduct," we want to confirm if this is a typo or not."
As the People concede, the record does not indicate that the court gave defense counsel meaningful notice — or any notice — of the contents of the note or that it ever responded to the jury's fourth note (see People v O'Rama, 78 NY2d 270 [1991]; People v Burley, 138 AD3d 420, 421 [1st Dept 2016], lv denied 27 NY3d 1129 [2016]).
The Court of Appeals has held that "in the absence of record proof that the trial court complied with its core responsibilities under CPL 310.30, a mode of proceedings error occurred requiring reversal" (People v Parker, 32 NY3d 49, 60-61 [2018] [internal quotation marks omitted]).
We therefore reverse defendant's conviction and remand for a new trial under indictment No. 4838/16 (see People v Everett, 191 AD3d 696 [2d Dept 2021]; People v Gough, 142 AD3d 673, 675 [2d Dept 2016]).
We reject the People's argument that the fourth note bore only on the charge under count one of indictment No. 4838/16, and that defendant's convictions under counts two and three remain unaffected by this error and should be affirmed.
When an O'Rama error occurs, the question of whether the error in the proceedings related to some charges requires reversal on the other charges is determined on a case-by-case basis, with 'due regard' for the facts of the case, the nature of the error, and [*2]the 'potential for prejudicial impact on the over-all outcome' (People v Doshi, 93 NY2d 499, 504-505 [1999], quoting People v Baghai-Kermani, 84 NY2d 525, 532 [1994]).
Here, the three counts of the indictment were alleged to arise from a course or repetition of conduct in violation of the order of protection reasonably perceived as threatening to the victim's safety (count 1), through means both electronic/written (count 2) and telephonic (count 3). Thus, given the underlying factual relationship between the crimes, defendant is entitled to a new trial (see People v Cohen, 50 NY2d 908, 911 [1980]; People v Thomas, 146 AD3d 991, 994 [2d Dept 2017], lv denied 29 NY3d 1039 [2017]).
The trial court's failure to give defense counsel meaningful notice may also have affected the jury's consideration of counts two and three (see Thomas, 146 AD3d at 994; see also Doshi, 93 NY2d at 505; Baghai-Kermani, 84 NY2d at 532-533).
Defendant raises no arguments as to his conviction by guilty plea under indictment No. 3438/16.
Since defendant has completed his entire sentence, including parole supervision, his excessive sentence claim is moot (see People v Torres, 209 AD3d 541, 542 [1st Dept
2022], lv denied 40 NY3d 952 [2023]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024