■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM FUENTES, Appellant. [668 NYS2d 184] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered February 9, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, 5 to 10 years and time served, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Defendant's participation in the sale was established by evidence that included defendant's actions as a lookout during the sale.

Defendant's claim of ineffective assistance of counsel would require a further record to be developed by way of an appropri-

ate motion pursuant to CPL 440.10 (*see, People v Love*, 57 NY2d 998). The existing record does not negate strategic explanations for counsel's decisions including his emphasis of certain defenses over others (*see, People v Rivera*, 71 NY2d 705, 709).

Defendant's claim that the court improperly accepted a verdict without first responding to a juror note has not been preserved for appellate review and we decline to review it in the interest of justice. Were we to review it, we would find that the jury implicitly indicated that it no longer needed further instructions and that defendant was not " 'seriously prejudice[d]' " by the lack of a response to the note (*People v Agosto*, 73 NY2d 963, 966). Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.