This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------

No. 74
The People &c.,
           Appellant,
        v.
Terrance L. Mack,
           Respondent.

Geoffrey Kaeuper, for appellant.
Nicolas Bourtin, for respondent.

FAHEY, J.:

Criminal Procedure Law § 310.30 imposes two
responsibilities on trial courts upon receipt of a substantive
note from a deliberating jury: the court must provide counsel
with meaningful notice of the content of the note, and the court
must provide a meaningful response to the jury (People v O'Rama,

- 1 -

78 NY2d 270, 276-277 [1991]).  A trial court's failure to fulfill
its first responsibility -- meaningful notice to counsel -- falls
within the narrow class of mode of proceedings errors for which
preservation is not required (see id. at 279).  On this appeal,
we consider whether the preservation rule applies when counsel
unquestionably had meaningful notice of the jury's substantive
inquiries, but the trial court did not respond to those inquiries
before accepting the verdict.  We hold that where counsel has
meaningful notice of the content of a jury note and of the trial
court's response, or lack thereof, to that note, the court's
alleged violation of the meaningful response requirement does not
constitute a mode of proceedings error, and counsel is required
to preserve any claim of error for appellate review.

I.

Defendant was charged with gang assault in the first
degree for his involvement in a group attack on a woman that
resulted in her death.  Shortly before 6:00 p.m. on the first day
of deliberations, the jury stated that it was deadlocked.  After
the court responded to that note, the jury returned to its
deliberations at 6:02 p.m.  The court then informed counsel that
it would stand in recess until 7:30 p.m.  There is no indication
on the record that the jury was informed of this recess.

During the recess, the jury sent out three notes.  The
first note, sent at 6:20 p.m., requested the court's instructions
regarding "the importance of a single witness in a case versus

multiple witnesses and the instructions about the meaning of reasonable doubt."  The second note, sent at 6:43 p.m., requested to hear the testimony of one of the People's witnesses, who had identified defendant as one of the assailants, regarding the defendant's "leaving of the crime scene," and also asked for more jury request sheets.  The third note, sent at 6:47 p.m., asked for a smoking break.[1]

When the proceedings reconvened at 7:51 p.m., the court marked these three notes as court exhibits and then read the notes verbatim into the record in the presence of counsel and defendant.  The court stated that it planned to reread its earlier legal instructions on the requested topics, and the court and counsel concluded that the People's witness had not provided any testimony about defendant's departure from the crime scene. Before the court recalled the jury into the courtroom to provide those responses, however, the court deputy handed the court another note from the jury.

That note, sent at 7:54 p.m. and marked as a court exhibit, stated that the jury had reached a verdict.  The court and counsel had an off-the-record bench discussion.  At 8:10 p.m., the court announced on the record in the presence of counsel and defendant that the jury had reached a verdict and that the court planned to bring the jurors into the courtroom to

---

[1]     The jury's requests for more jury note sheets and for a smoking break are not at issue on appeal.  Defendant concedes that those requests were ministerial.

take their verdict.  The jurors then entered the courtroom and reported that they had found defendant guilty.  The court polled the jury and accepted the verdict without responding to the notes sent during the recess or inquiring whether the jurors still desired a response to those notes.  Counsel did not object to this procedure.

On appeal, the Appellate Division reversed the judgment and ordered a new trial (117 AD3d 1450 [4th Dept 2014]).  The Appellate Division held that the trial court's failure to provide a meaningful response to the jury's substantive requests before accepting the verdict constituted a mode of proceedings error for which preservation was not required (see id. at 1451).  The dissenting Justice would have affirmed, concluding that any error did not constitute a mode of proceedings error and, in any event, that there was no error because the jury implicitly rescinded its earlier requests (see id. at 1452 [Lindley, J., dissenting]).

The dissenting Justice granted the People leave to appeal to this Court (23 NY3d 1027 [2014]).  We now reverse.

II.

In People v O'Rama, this Court held that CPL 310.30 requires trial courts to provide meaningful notice to counsel of a substantive inquiry from a deliberating jury, and that meaningful notice "means notice of the actual specific content of the jurors' request" (O'Rama, 78 NY2d at 277).  We have subsequently held that when the trial court fails to provide

counsel with meaningful notice of a substantive jury note, a mode of proceedings error has occurred and reversal is required, regardless of whether the court has fulfilled its other responsibility under CPL 310.30 to provide the jury with a meaningful response to its request (see People v Walston, 23 NY3d 986, 989-990 [2014]; People v Tabb, 13 NY3d 852, 853 [2009]; People v Kisoon, 8 NY3d 129, 134-135 [2007]).  Recently, in People v Silva (24 NY3d 294 [2014], rearg denied 24 NY3d 1216 [2015]), where the trial court fulfilled neither of its core responsibilities under CPL 310.30, by failing to inform counsel of the existence of a jury note and also failing to respond to the note before accepting the jury's verdict, we held that a mode of proceedings error had occurred (see id. at 299-300).

In People v Nealon (26 NY3d 152 [2015]), we reiterated that a court complies with its responsibility to provide counsel with meaningful notice of a substantive jury inquiry by reading the precise content of the note into the record in the presence of counsel, defendant, and the jury before providing a response, even if the court departs from the O'Rama procedure (see generally O'Rama, 78 NY2d at 277-278) by failing to discuss the note or the court's intended response with counsel before recalling the jury into the courtroom (see Nealon, 26 NY3d at 160-162).  That holding was based upon our precedent requiring preservation when the trial court departs from the O'Rama procedure but counsel nevertheless has meaningful notice of the

jury note (see People v Alcide, 21 NY3d 687, 693-694 [2013];
People v Williams, 21 NY3d 932, 934-935 [2013]; People v Ramirez,
15 NY3d 824, 825-826 [2010]; People v Starling, 85 NY2d 509, 516
[1995]).  We repeated our frequent observation that not every
departure from the O'Rama procedure or violation of CPL 310.30
constitutes a mode of proceedings error (Nealon, 26 NY3d at 158;
see Silva, 24 NY3d at 299; Walston, 23 NY3d at 989; Kisoon, 8
NY3d at 135).

        In Nealon, Silva, and other post-O'Rama decisions
considering whether failure to comply with CPL 310.30 constitutes
a mode of proceedings error, the Court did not discuss whether a
trial court's alleged failure to provide a meaningful response to
a substantive inquiry from the jury, standing alone, constitutes
a mode of proceedings error for which preservation is not
required.  Our jurisprudence makes clear that a trial court's
failure to provide meaningful notice to counsel of a substantive
jury note constitutes a mode of proceedings error (see Nealon, 26
NY3d at 156-157; Walston, 23 NY3d at 989-990; Tabb, 13 NY3d at
853; Kisoon, 8 NY3d at 134-135).  Silva also makes clear that a
trial court's failure to comply with both of its core
responsibilities -- both meaningful notice to counsel and a
meaningful response to the jury -- requires reversal despite lack
of preservation (Silva, 24 NY3d at 299-300).  We did not consider
in these cases, however, whether a mode of proceedings error
occurs when the trial court fails to provide a meaningful

response to a substantive jury note but satisfies its meaningful

notice obligations.[2]

The issue is now squarely before us here.  The question

is not whether the trial court erred.  Rather, the issue is

whether the alleged error constitutes a mode of proceedings error

requiring automatic reversal despite the lack of preservation.

### III.

The errors that fit within the category of mode of

proceedings errors are not easily defined.  We have described

such errors as encompassing a "very narrow exception" to the

preservation rule (Silva, 24 NY3d at 299 [internal quotation

marks omitted]; see People v Kelly, 5 NY3d 116, 119-120 [2005]).

Mode of proceedings errors are immune not only from the rules

governing preservation and waiver but also from harmless error

--------

[2]     The dissent asserts that we are disregarding the
doctrine of stare decisis in holding that this particular alleged
error is not a mode of proceedings error (see dissenting op., at
2-3).  We respectfully disagree.  As discussed, none of our
previous cases in the O'Rama context, including O'Rama itself,
considered whether an alleged failure to provide a meaningful
response, standing alone, constituted a mode of proceedings error
where the court's obligation to provide meaningful notice to
counsel was satisfied.  To the extent the Court may have
suggested otherwise, this language occurred in dicta, inasmuch as
in each of those cases, this Court was considering whether the
trial court had satisfied its obligation to provide meaningful
notice to counsel (see Walston, 23 NY3d at 989; Alcide, 21 NY3d
at 692; Kisoon, 8 NY3d at 135).  Further, in Silva, the trial
court failed to fulfill both of its core responsibilities,
including the responsibility to provide meaningful notice to
counsel (see Silva, 24 NY3d at 300).  As the dissent
acknowledges, meaningful notice to counsel is not at issue in
this appeal (see dissenting op., at 1 n 1).

analysis (see e.g. People v Mehmedi, 69 NY2d 759, 760 [1987], rearg denied 69 NY2d 985 [1987]; People v Ahmed, 66 NY2d 307, 310 [1985], rearg denied 67 NY2d 647 [1986]; People v Patterson, 39 NY2d 288, 295 [1976], affd 432 US 197 [1977]).  Such errors require reversal without regard to the prejudice, or lack thereof, to the defendant.

We have therefore been hesitant to expand the mode-of-proceedings-error doctrine.  Outside of this "tightly circumscribed class," we have "repeatedly held that a court's failure to adhere to a statutorily or constitutionally grounded procedural protection does not relieve the defendant of the obligation to protest" (Kelly, 5 NY3d at 120).  Broadening the exception might "open the door to abuse" (People v Becoats, 17 NY3d 643, 651 [2011], cert denied 566 US --, 132 S Ct 1970 [2012]).  We have also been wary of the possible erosion of the preservation rule, which allows trial courts to correct errors in a timely fashion (see e.g. People v Ippolito, 20 NY3d 615, 625 [2013]) and "prevent[s] unnecessary surprise after the conduct of a complete trial" (People v Allen, 24 NY3d 441, 449 [2014]).  The designation of a mode of proceedings error is therefore "reserved for the most fundamental flaws" (Becoats, 17 NY3d at 651).  The error must "go to the essential validity of the process and [be] so fundamental that the entire trial is irreparably tainted" (Kelly, 5 NY3d at 119-120).

The alleged error here is not of that character.  We

have acknowledged the critical nature of a substantive request from a deliberating jury, and the importance of a meaningful response by the trial court (see Kisoon, 8 NY3d at 134-135; People v Lourido, 70 NY2d 428, 435 [1987]; People v Malloy, 55 NY2d 296, 301-302 [1982], cert denied 459 US 847 [1982]; People v Miller, 6 NY2d 152, 156 [1959]; People v Gonzalez, 293 NY 259, 263 [1944]).  We have refused, however, to classify under the mode-of-proceedings rubric errors that are arguably more important to the validity of the criminal process, such as the People's failure to present evidence sufficient to support a conviction (see People v Gray, 86 NY2d 10, 21-22 [1995]), or, if the defendant has an opportunity to object, an alleged error affecting the validity of a guilty plea (see People v Conceicao, 26 NY3d 375, 381-382 [2015]).  We have also required preservation for "most 'errors of constitutional dimension' " (People v Hanley, 20 NY3d 601, 605 [2013], quoting People v Alvarez, 20 NY3d 75, 81 [2012]).

Of pivotal importance here is counsel's knowledge of all the facts required to object to the trial court's procedure or lack of response to the jury's requests.  Granted, we have recognized mode of proceedings errors in other contexts where defense counsel was aware of the information required to form an objection, including where counsel affirmatively consented to the trial court's procedure (see e.g. People v Rivera, 23 NY3d 827, 831 [2014]; Ahmed, 66 NY2d at 309-310).  In the O'Rama context,

however, lack of notice is the key determinant in classifying a particular procedure as a mode of proceedings error.  Notice gives counsel the opportunity to object to any possible error.

When the trial court paraphrases or summarizes a jury note, thereby failing to provide counsel with meaningful notice of the specific content of the note, a mode of proceedings error occurs, "because counsel cannot be expected to object to the court's response to the jury or to frame an intelligent suggested response if counsel lacks knowledge of the specific content of a substantive jury note" (Nealon, 26 NY3d at 157).  In other words, counsel generally cannot object to an error of which he or she is unaware.  This Court's recognition of a mode of proceedings error in O'Rama was based upon counsel's inability to "participate effectively or adequately protect the defendant's rights" if counsel lacks notice "of the actual specific content of the jurors' request" (O'Rama, 78 NY2d at 277).  If the court fails to inform counsel of the precise content of a substantive jury note, the court's error "ha[s] the effect of entirely preventing defense counsel from participating meaningfully in this critical stage of the trial" (id. at 279).

By contrast, where counsel has meaningful notice of a substantive jury note that has been read verbatim in open court, the court's failure to discuss the note or its intended response with counsel outside the presence of the jury is not a mode of proceedings error because counsel is not prevented from objecting

or from participating meaningfully (see Nealon, 26 NY3d at 160-162; Alcide, 21 NY3d at 693-694; Williams, 21 NY3d at 934-935; Ramirez, 15 NY3d at 825-826; Starling, 85 NY2d at 516). In that scenario, counsel is aware of the precise content of the note, knows that he or she has not had an opportunity to provide the court with input on its intended response, and is also aware of the court's actual response to the jury, "which counsel is hearing in open court as the court provides its response to the jury" (Nealon, 26 NY3d at 162). "Counsel therefore has all the knowledge required to make an objection, either to the court's deviation from the O'Rama procedure or to the court's response to the jury, or both" (id.).

Nealon and its predecessors are not controlling here because in those cases, we considered the trial court's fulfillment of its obligation under CPL 310.30 to provide meaningful notice, not its separate obligation to provide a meaningful response to the jury. Nevertheless, these cases demonstrate that we have generally refused to classify alleged errors as mode of proceedings errors in the jury note context when the record demonstrates that counsel had all the knowledge required to object, and a timely objection would have allowed the court to "easily cure[] the claimed error" (Ippolito, 20 NY3d at 625).[3]

_____

[3]    We have also refused to classify an alleged error as a mode of proceedings error in other contexts where the defendant has the notice and opportunity needed to object (see e.g. People

Here, defense counsel had the notice required to enable him to object to the trial court's procedure if he considered that approach to be prejudicial. Counsel knew the precise content of the jury notes received during the recess because the court read those notes verbatim into the record in counsel's presence. Counsel knew how the court planned to respond to those notes because the court informed counsel of its intended response. He knew that the jury had sent out another note stating that it had reached a verdict, and that the court planned to accept the verdict without responding to the outstanding notes, because the court announced its intention to recall the jury and take the verdict on the record. Counsel was in the courtroom when the jurors were recalled and knew that the trial court had not yet responded to the notes sent during the recess or asked the jurors if they still desired a response before the verdict was announced. In short, "[i]f defense counsel considered the judge's intended approach prejudicial, he certainly had an opportunity to ask him to alter course, and it behooved him to do so" (Alcide, 21 NY3d at 694). Had counsel simply requested that the court respond to the outstanding notes

v King, 27 NY3d 147, 2016 NY Slip Op 02278, at *6 [2016] ["If defense counsel had an objection to the procedure employed by the trial court, he should have voiced it so that the court could have corrected any alleged error"]; Conceicao, 26 NY3d at 382 [holding that challenge to alleged defect in plea allocution must be preserved by timely objection unless the defendant "faced a practical inability to move to withdraw [the] plea[]"]).

before taking the verdict, or that the court ask the jurors whether they still desired a response to those notes, the court could easily have corrected the alleged error.

Furthermore, to designate this alleged error as a mode of proceedings error would mandate that the trial court respond to any outstanding notes before taking the verdict even if defense counsel affirmatively requests that the court accept the verdict without responding to those notes. Mode of proceedings errors are not waivable and therefore require reversal even if the defense affirmatively consents to the court's action (see Ahmed, 66 NY2d at 310-311). The rule defendant proposes would therefore require a trial court to ignore a defense request, as a matter of strategy, that the court not respond to a jury note before accepting the verdict.

Defendant's rule would also incentivize a distinct tactic that diminishes the preservation rule. Here, the defense may have made a strategic choice not to challenge the trial court's procedure (see King, 27 NY3d 147, 2016 NY Slip Op 02278, at *6). Counsel, who was aware that the jury's last note before the recess declared a deadlock, may have decided that the jurors were more likely to acquit defendant if they were not given the chance to deliberate further. In such situations, if the alleged error is deemed to be a mode of proceedings error, "it would be unwise for counsel to object and seek correction of the error" (Nealon, 26 NY3d at 162). If the verdict is an acquittal,

counsel will have secured the desired trial outcome.  If the jury convicts the defendant, counsel will have created an appellate issue requiring automatic reversal and a new trial simply by remaining silent.  We decline to create a rule that would incentivize such tactics and would diminish the important purposes underlying the preservation rule.

IV.

The disparate treatment of the two types of errors arises from the practical differences between them; one prevents counsel from "participating meaningfully in this critical stage of the trial" (O'Rama, 78 NY2d at 279), and the other does not. "[I]t is defense counsel who is charged with the single-minded, zealous representation of the client and thus, of all the trial participants, it is defense counsel who best knows the argument to be advanced on the client's behalf" (People v Hawkins, 11 NY3d 484, 492 [2008]).

The Appellate Division erred in holding that defendant was not required to preserve for appellate review his contention regarding the court's failure to respond to the jury's notes. Although the court's procedure here may have been error, it was not a mode of proceedings error, and we have no jurisdiction to review it.  We therefore cannot address the People's alternative contention that the trial court did not err because the jury implicitly withdrew its earlier requests by stating that it had reached a verdict.

Defendant's remaining contentions, offered as alternative grounds for affirmance, are without merit.

Accordingly, the order of the Appellate Division should be reversed and the case remitted to that court for consideration of the facts and issues raised but not determined on the appeal to that court.

People v Terrance L. Mack

No. 74

RIVERA, J.(dissenting):

In People v O'Rama (78 NY2d 270 [1991]), this Court stated, without reservation, that CPL 310.30 imposes a duty on the trial court to meaningfully respond to a substantive juror inquiry.[1] This requirement is no mere technical nicety, but a core responsibility of the trial court which may not be ignored or abdicated (Kisoon, 8 NY3d 129, 134 [2007]; People v Torres, 72 NY2d 1007, 1008-1009 [1988]; People v Ahmed, 66 NY2d 307, 310 [1985]).

A court's unresponsiveness to a jury's substantive request for information is no ordinary procedural error, nor an error of de minimus significance. As previously explained by this Court,

> "[t]here are few moments in a criminal trial
> more critical to its outcome than when the
> court responds to a deliberating jury's
> request for clarification of the law or
> further guidance on the process of

---

[1]The court's core responsibility additionally encompasses its CPL 310.30 duty to notify counsel of a juror's substantive inquiry, which this Court has explained requires "meaningful notice to counsel of the specific content of the jurors' request--in order to ensure counsel's opportunity to frame intelligent suggestions for the fairest and least prejudicial response" (People v Kisoon, 8 NY3d 129, 134 [2007]; see also O'Rama, 78 NY2d at 277 [CPL 310.30 imposes a duty to provide notice to counsel of a jury inquiry and to respond meaningfully]). This duty is not at issue in this appeal.

> deliberations.  Indeed, the court's response
> may well determine whether a verdict will be
> reached, and what that verdict will be"

(Kisoon, 8 NY3d at 134-135, citing 23 AD3d 18, 20 [2d Dept 2005]).

To ensure judicial vigilance of the proper discharge of this duty, "a court's failure to fulfill the 'core responsibility' under O'Rama is treated as a mode of proceedings error" that does not require preservation by defendant (People v Silva, 24 NY3d 294, 299 [2014], quoting Kisoon, 8 NY3d at 135).  Quite simply, "[a]lthough we have recognized that some departures from the procedures outlined in O'Rama may be subject to rules of preservation . . . a failure to fulfill the court's core responsibility is not" (Kisoon, 8 NY3d at 135 [internal citation omitted]).

Moreover, we are not presented with an attempt to expand the mode of proceedings category to include a "new" error, as my colleagues maintain (majority op., at 8).  Rather, this case merely requires that we apply our existing precedent to an error previously identified as one not subject to our rules of preservation.  Thus, the majority's conclusion that preservation rules apply when a court utterly fails to respond to a juror's substantive inquiry disregards our commitment to stare decisis.[2] I think this recasting of the duty ill advised.  Our adherence to

_____

[2]Contrary to the majority's view, the rule is clearly set forth in our precedent, and cannot be distinguished as mere dicta.

this venerable doctrine "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process" (People v Taylor, 9 NY3d 129, 148 [2007] [internal quotation marks omitted], quoting Payne v Tennessee, 501 US 808, 827 [1991]).  In order to overturn past precedent there must be a compelling justification to do so, which may be found where such precedent "leads to an unworkable rule, or . . . creates more questions than it resolves" (id. at 149), or where "a preexisting rule, once thought defensible, no longer serves the ends of justice or withstands 'the cold light of logic and experience'" (Policano v Herbert, 7 NY3d 588, 604 [2006], quoting Broadnax v Gonzalez, 2 NY3d 148, 156 [2004]).

This Court's determination that a trial court's failure to respond constitutes a mode of proceedings error is not unclear, unsettled, unworkable, or rendered outdated.  There is likewise no evidence that overturning this established precedent is "consistent with these principles and required by sound policy" (People v Bing, 76 NY2d 331, 338 [1990]).  To the contrary, the bright-line rule that a court's failure to provide any response to a jury's substantive note is not subject to preservation maintains clarity, and furthers judicial compliance with the legislative intent of CPL 310.30 that no jury request for instruction on the law and matters pertinent to its consideration be left unanswered.  Therefore, stare decisis counsels that we

should not overturn our Court's settled precedent.

The majority seeks to pave new ground by recharacterizing a court's unresponsiveness to a jury's substantive note as an error of lesser importance to the criminal process than some others that are subject to our rules of preservation (majority op., at 8-9). The majority's view is difficult to square with this Court's previous statements that the court's core responsibility is significant because it has the potential to affect the outcome of the trial (O'Rama, 78 NY2d at 279; Kisoon, 8 NY3d at 134). Moreover, long before O'Rama, Kisoon and Silva, this Court recognized that a court's obligation to respond to jury notes is an indispensable part of the trial process. In describing the Code of Criminal Procedure § 427, predecessor to CPL 310.30 and which similarly mandated that, upon request, a court provide a jury with information concerning a point of law, this Court explained that "[t]he Legislature of this State has . . . made positive and absolute the requirement that 'the information required must be given'. The answering of such questions is no mere matter of conventional procedure. It is an integral part of the structure of an adequate trial" (People v Gonzalez, 293 NY 259, 263 [1944]).

Nor does it matter, as the majority contends, that defense counsel was on notice of the court's failure to respond (majority op., at 9). The majority in People v Nealon relied on this same argument to impose a preservation requirement in cases where a

court fails to comply with the other half of its CPL 310.30 core responsibility, namely the requirement to provide defense counsel with meaningful notice of a jury's substantive request and an opportunity for counsel to participate in the formulation of a response (26 NY3d 152, 161-162 [2015]). The dissent in Nealon effectively explained why a failure to object is irrelevant to a mode of proceedings error.

> "Conceptually, of course, whether an error is deemed to compromise the basic structure of a trial and thus to qualify as one affecting the mode of proceedings cannot depend upon whether it involves a deviation as to which an objection is capable of being made. Mode of proceedings errors are by reason of their fundamental incompatibility with essential process nonwaivable . . . . Neither the gravity of such error nor the consequently primary judicial obligation to avoid its commission is logically diminished or relieved by reason of the circumstance that a defendant is able to, but does not contemporaneously, protest its occurrence"

(id. at 166 [Lippman, Ch. J., dissenting], citing People v Patterson, 39 NY2d 288, 295 [1976]).

The same is true in this case. Imposition of a preservation requirement is inherently counter to the underlying premise of a mode of proceedings error, which is the type of nonwaivable error that goes to the heart of the trial process. Whether defense counsel objects to a court's unresponsiveness to a jury's substantive note is of no moment. What matters is the court's failure to comply with its mandated duty and core responsibility.

The majority argues no more persuasively here than in Nealon

that its preservation rule is necessary to avoid the situation
where a court would be required to respond to a jury note against
a defendant's wishes.  The majority fundamentally misunderstands
the import of CPL 310.30 and our precedent.  Defendant's
preference or acquiescence is irrelevant because the duty works
on the court, not the defendant.  Just as the court may not
unilaterally ignore its legislatively imposed responsibility,
neither can the defendant absolve the court of this duty by
agreeing that the court need not respond to a juror's substantive
request.

As a final point, the majority here contends that the
preservation rule is necessary to avoid incentivizing
gamesmanship by defense counsel who would merely fail to
challenge a CPL 310.30 error in order to create an appellate
issue (majority op., at 13).  The argument is no more persuasive
in this case than it was in Nealon because it is grounded on
speculation about defense counsel's motives, and demonstrates a
misunderstanding of the court's duty under CPL 310.30.  As the
dissent in Nealon argued,

> "apart from the lack of any empirical basis
> for the prediction that defense counsel
> generally would elect not to zealously
> represent their clients at trial in order to
> bank an appellate reversal years down the
> line, the majority's concern demonstrates a
> confusion over whose conduct the mode of
> proceedings doctrine is intended to regulate.
> It is not counsel's conduct that is the
> primary concern of the doctrine, but the
> court's. The doctrine recognizes that it is
> the court, not counsel, that is best situated

> to assure that the correct procedure is
> followed when a note requesting instruction
> issues from a deliberating jury, and that
> when the court discharges its core
> obligations there will be no opportunity for
> gamesmanship of the sort feared"

(Nealon, 26 NY3d at 168-169).[3]

In defendant's case, while the court was discussing with counsel and the prosecutor its response to pending substantive jury notes, the court received indication that the jury had reached a verdict. When the court accepted the verdict without providing any response to the pending notes, or without alternatively asking the jurors whether they had withdrawn their requests, the court failed to comply with its core responsibility under CPL 310.30.[4] The court's inaction constituted a mode of proceedings error for which preservation is unnecessary, and, under the circumstances of this case, warrants reversal and a new trial (O'Rama, 78 NY2d at 279; Kisoon, 8 NY3d at 135; CPL 310.30;

---

[3]The majority's argument seems particularly misplaced where, as here, the court's failure to respond to a jury's substantive note is due to an intervening indication from the jury that it has reached a verdict. Given the law at the time of the defendant's trial, defense counsel may have relied on decisions from lower courts that treated the jury's announcement of a verdict as the jury's implicit withdrawal of its prior request for information (People v Albanese, 45 AD3d 691, 692 [2d Dept 2007], lv denied 10 NY3d 761 [2008]; People v Fuentes, 246 AD2d 474, 475 [1st Dept 1998], lv denied 91 NY2d 941 [1998]).

[4]This case is distinguishable from cases where the court attempts to comply with its duty and the defendant claims the response is inadequate. In those cases, the rule of preservation applies (see People v Morris, -- NY3d -- [2016] [decided herewith]).

<u>Silva</u>, 24 NY2d at 300, 300 n 1 [a judge's unresponsiveness to a jury request may lead to a new trial]).  Therefore, I dissent and would affirm the Appellate Division.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order reversed and case remitted to the Appellate Division,
Fourth Department, for consideration of the facts and issues
raised but not determined on the appeal to that court.
Opinion by Judge Fahey.  Chief Judge DiFiore and Judges Pigott,
Abdus-Salaam, Stein and Garcia concur.  Judge Rivera dissents and
votes to affirm in an opinion.

Decided June 7, 2016