This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 219  SSM 30
The People &c.,
          Appellant,
        v.
Iquan Wiggs,
          Respondent.



          Submitted by Deborah E. Wassel, for appellant.
          Submitted by David P. Greenberg, for respondent.




MEMORANDUM:

          The order of the Appellate Division should be reversed and the case remitted to that court for consideration of the facts and issues raised but not determined on the appeal to that court.

          Where the trial court "has read the precise content of

- 1 -

the [jury] note into the record in the presence of counsel, defendant, and the jury," the trial court has "complied with its core responsibility to give counsel meaningful notice of the jury's notes," and "the court's failure to discuss the note with counsel before recalling the jury is not a mode of proceedings error" (People v Nealon, 26 NY3d 152, 160-162 [2015]). Furthermore, "where counsel has meaningful notice of the content of a jury note and of the trial court's response, or lack thereof, to that note, the court's alleged violation of the meaningful response requirement does not constitute a mode of proceedings error, and counsel is required to preserve any claim of error for appellate review" (People v Mack, 27 NY3d 534, 537 [2016], rearg denied 2016 NY Slip Op 84850 [2016]).

Here, the trial court complied with its responsibility to provide counsel with meaningful notice of the jury's notes by reading the notes verbatim into the record in the presence of counsel, defendant, and the jury (see Nealon, 26 NY3d at 160-162). Inasmuch as counsel had meaningful notice of the jury notes, the trial court's failure to provide a response to the jury's outstanding request for a readback of testimony before accepting the verdict does not constitute a mode of proceedings error (see Mack, 27 NY3d at 537). Counsel was required to object to preserve any claim of error for this Court's review. "Although the court's procedure here may have been error, it was not a mode of proceedings error, and we have no jurisdiction to

review it" (id. at 544).

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

On review of submissions pursuant to section 500.11 of the Rules, order reversed and case remitted to the Appellate Division, Second Department, for consideration of the facts and issues raised but not determined on the appeal to that court, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.


Decided October 20, 2016