■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CONEY, Appellant. [45 NYS3d 36]—

Judgment, Supreme Court, Bronx County (George Villegas, J.), rendered March 31, 2014, convicting defendant, after a jury trial, of assault in the second degree as a hate crime, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility, including its evaluation of the discrepancies in the victim's version of the events (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supported the hate crime element of the offense.

After defendant elicited a portion of a statement made by the victim after the assault that implicated a person other than defendant, the court properly permitted the People to elicit another part of the same statement, which also implicated defendant and others. The eliciting of the additional portion of the statement "did no more than to explain, clarify and fully elicit a [statement] only partially examined by the defense" (*People v Ochoa*, 14 NY3d 180, 186 [2010]). The rule against

bolstering by prior consistent statements does not apply to the introduction of additional portions of a statement that has been elicited in part (*People v Torre*, 42 NY2d 1036, 1037 [1977]). Concur—Saxe, J.P., Moskowitz, Gische, Kahn and Gesmer, JJ.