■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMY SAMPSON, Appellant. [61 NYS3d 884]—

Judgment, Supreme Court, Bronx County (George R. Villegas, J.), rendered March 28, 2014, convicting defendant, after a jury trial, of assault in the second degree as a hate crime, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

Defendant's arguments concerning the sufficiency and weight of the evidence, in which he highlights discrepancies in the victim's account of the crime, and defendant's challenge to the admissibility of an alleged prior consistent statement, are substantially similar to arguments this Court rejected on a co-defendant's appeal (*People v Coney*, 146 AD3d 429 [1st Dept 2017]). We find no significant difference in the evidence against the two defendants, and no reason to reach a different result on this defendant's appeal.

Defendant did not preserve his claim that the court failed to respond to a jury note requesting the readback of testimony (*see People v Mack*, 27 NY3d 534 [2016]), and we decline to review in the interest of justice. As an alternative holding, we find that, after the court advised the jury that it would begin the process of arranging for the readback, the jury instead reached a verdict, and thus "[b]y promptly reaching a verdict without any further inquiry, the jury implicitly indicated that it no longer needed the information requested" (*People v Cornado*, 60 AD3d 450, 451 [1st Dept 2009], *lv denied* 12 NY3d 913 [2009]; *see also People v Fuentes*, 246 AD2d 474, 475 [1st Dept 1998], *lv denied* 91 NY2d 941 [1998]).

Defendant's claim that his trial counsel rendered ineffective assistance by failing to object to the court's taking of the verdict without providing the readback is unreviewable on direct appeal because it involves matters of strategy not reflected in, or fully explained by, the record (*see People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of this ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v*

*Washington,* 466 US 668 [1984]). Concur—Acosta, P.J., Friedman, Webber, Oing and Moulton, JJ.