People v McFadden (2018 NY Slip Op 04429)





People v McFadden


2018 NY Slip Op 04429


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


6873 5164/15

[*1]The People of the State of New York, Respondent,
v
Daniel McFadden, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jacqueline A. Meese-Martinez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.



Judgment, Supreme Court, New York County (Jill Konviser, J. at suppression hearing; Robert M. Mandelbaum, J. at jury trial and sentencing), rendered June 10, 2016, as amended July 6, 2016, convicting defendant of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender, to an aggregate term of seven years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence for the third-degree possession conviction to five years, and otherwise affirmed.
The hearing court providently exercised its discretion in precluding defendant from impeaching a police officer by way of the underlying facts of civil lawsuits, because defendant failed to make a showing that cross-examination of the officer regarding the lawsuits would be relevant (see People v Smith, 27 NY3d 652, 662 [2016]). In any event, any error was harmless, because there was no significant probability that suppression would have been granted if defendant had been permitted to impeach the officer.
Defendant failed to preserve his similar claims regarding impeachment of the officer at trial, and we decline to review them in the interest of justice. As an alternative holding, we likewise find that there was an inadequate foundation for the impeachment, and that any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant did not preserve his claim that the court improperly gave the jurors written copies of its entire charge, and we decline to review it in the interest of justice. Defense counsel clearly gave implied consent, and we reject defendant's argument that the lack of express consent created a mode of proceedings error (see generally People v Mack, 27 NY3d 534, 540 [2016]). In People v Johnson (81 NY2d 980, 982 [1993]), the "defendant expressly objected to complying with the jury's request to receive the entire charge in writing, which included statutory textual material," and we find nothing in that case, or in the other cases cited by defendant regarding submission of various materials to juries, that supports his mode of proceedings [*2]argument. Furthermore, the court provided careful limiting instructions concerning the use of the written copy of the charge, and there is no showing of prejudice.
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK