People v Gedeon (2018 NY Slip Op 04751)





People v Gedeon


2018 NY Slip Op 04751


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2011-05510
 (Ind. No. 8196/09)

[*1]The People of the State of New York, respondent, 
v
Dario Gedeon, appellant.


Seymour W. James, Jr., New York, NY (Steven R. Berko of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered May 31, 2011, convicting him of murder in the second degree (felony murder), attempted robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant was charged with murder in the second degree, and multiple counts of attempted robbery in the first degree and criminal possession of a weapon in the second degree, for his involvement in a failed robbery attempt during which an accomplice shot and killed an employee of the intended target, a used car dealership. After a trial, at which one of the accomplices testified, a jury found the defendant guilty of one count of each crime.
The defendant contends that the Supreme Court erred in refusing to instruct the jury on the affirmative defense to felony murder (see Penal Law § 125.25[3]). Viewing the trial evidence in the light most favorable to the defendant (see People v Butts, 72 NY2d 746, 750), there is no reasonable view of the evidence that would permit the jury to find that each and every one of the elements of the affirmative defense was established by a preponderance of the evidence (see Penal Law § 25.00[2]; People v Bornholdt, 33 NY2d 75). Accordingly, the court properly denied the charge request (see People v Woodard, 96 AD3d 1619, 1619-1620; People v Jackson, 208 AD2d 862; People v Butler, 201 AD2d 662, 663; People v Gourdine; 154 AD2d 255, 256).
However, the defendant's convictions must be vacated and a new trial ordered as a result of the Supreme Court's failure to comply with CPL 310.30, in accordance with the procedures set forth in People v O'Rama (78 NY2d 270) for the handling of jury notes. "Criminal Procedure Law § 310.30 imposes two responsibilities on trial courts upon receipt of a substantive note from a deliberating jury: the court must provide counsel with meaningful notice of the content of the note, and the court must provide a meaningful response to the jury" (People v Mack, 27 NY3d 534, 536; see People v O'Rama, 78 NY2d at 276-277). A trial court's failure to provide meaningful notice to counsel falls within the narrow class of mode of proceedings errors for which preservation is not required (see People v Mack, 27 NY3d at 536; People v Walston, 23 NY3d 986, 989-990; People v O'Rama, 78 NY2d at 279). Moreover, "[i]n the absence of record proof that the trial court complied with its core responsibilities under CPL 310.30, a mode of proceedings error occur[s] requiring reversal" (People v Tabb, 13 NY3d 852, 853; see People v Mack, 27 NY3d at 538; People v Walston, 23 NY3d at 990).
Here, on the morning of the first day of deliberations, the Supreme Court received three notes from the jury requesting, among other things, "Judge's reading of charges of 1st degree & the 4 things we must prove to reach a guilty [verdict] . . . Same thing for 2nd Degree . . . Definition of unreasonable doubt." The jury also requested the transcript of the testifying accomplice's testimony. The court did not read the contents of these notes into the record, and there is no indication in the record that the entire contents of the notes otherwise were shared with counsel. Rather, after receiving the notes, the court explained its intended responses to defense counsel and the prosecutor, and then, in the presence of the jury, provided a readback of the requested charges. The court also directed the jury to provide a new note clarifying what portion of the accomplice testimony it wanted read back. The court thereafter received two additional notes from the jury. One requested the portion of the accomplice's testimony concerning "conversation where someone was identified as having the money in the car lot." The other requested "From the charge: definition of acting in consort [sic]' and attempted' (a crime)." The court again did not read the contents of these notes into the record, but rather stated, in the presence of defense counsel, the prosecutor, and the jury, "All right, ladies and gentlemen. We're going to read back the testimony that you requested and then I will give you the charge on acting in concert and intent." At the court's direction, the court reporter read back a portion of the accomplice's testimony to the jury, after which the court proceeded to read back the requested charges as previously given.
Meaningful notice of the content of a jury note "means notice of the actual specific content of the jurors' request" (People v O'Rama, 78 NY2d at 277; see People v Mack, 27 NY3d at 538; People v Nealon, 26 NY3d 152, 156). Where the record fails to establish that the trial court provided counsel with "meaningful notice of the precise content of a substantive juror inquiry, a mode of proceedings error occurs, and reversal is therefore required even in the absence of an objection" (People v Nealon, 26 NY3d at 157; see People v Tabb, 13 NY3d at 853). Because the record here fails to establish that the Supreme Court provided counsel with meaningful notice of the precise content of the subject jury notes, we must reverse the defendant's convictions and order a new trial.
Since there must be a new trial, we note that, although unpreserved for appellate review, as the People concede, the defendant correctly contends that the Supreme Court should have instructed the jury on the statutory corroboration requirement with regard to the accomplice's testimony (see CPL 60.22; People v Sage, 23 NY3d 16, 23).
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court