People v Petrizzo (2020 NY Slip Op 03251)





People v Petrizzo


2020 NY Slip Op 03251


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-03984
 (Ind. No. 4919/15)

[*1]The People of the State of New York, respondent,
v
Aaron Petrizzo, appellant.


Paul Skip Laisure, New York, NY (Samuel R. Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bruce M. Balter, J.), rendered April 7, 2016, convicting him of resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL § 160.50, including a determination of whether the record should be sealed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict finding the defendant guilty of resisting arrest was not against the weight of the evidence. Although the jury acquitted the defendant on two of the charged counts, the jury was not required to disregard the testimony of the prosecution's witnesses in full, since it was free to "accept or reject portions of the testimony presented to it" (People v Huger, 136 AD3d 943, 944 [internal quotation marks omitted]; see People v Mazyck, 118 AD3d 728, 729).
However, as the People concede, the defendant's conviction must be vacated as a result of the Supreme Court's failure to comply with CPL 310.30, in accordance with the procedures set forth in People v O'Rama (78 NY2d 270) for the handling of jury notes. "Criminal Procedure Law § 310.30 imposes two responsibilities on trial courts upon receipt of a substantive note from a deliberating jury: the court must provide counsel with meaningful notice of the content of the note, and the court must provide a meaningful response to the jury" (People v Mack, 27 NY3d 534, 536; see People v O'Rama, 78 NY2d at 276-277). A trial court's failure to provide meaningful notice to counsel falls within the narrow class of mode of proceedings errors for which preservation is not required (see People v Mack, 27 NY3d at 536; People v O'Rama, 78 NY2d at 279). Moreover, "[i]n the absence of record proof that the trial court complied with its core responsibilities under CPL 310.30, a mode of proceedings error occur[s] requiring reversal" (People v Tabb, 13 NY3d 852, 853; see People v Mack, 27 NY3d at 538).
Here, in a note marked as court exhibit 8, the jury posited a question about the elements of resisting arrest. When reading that note into the record, the Supreme Court substituted the word "initially" in place of the word "intentionally," forming a substantively different question than that posed by the jury. The court again substituted the word "initially" in place of the word "intentionally" when it read the note aloud later in the proceedings. Since there is no indication in the record that court exhibit 8 was shown to the parties, the court's erroneous use of a substantively different word than that used by the jury when it read the note into the record, and its repetition of that same error later in the proceedings, constituted mode of proceedings errors. In addition, although the jury submitted to the court a note marked as court exhibit 10 to clarify which portions of the testimony of certain witnesses the jury wished to have read back, the court did not read court exhibit 10 into the record at any point, and the record does not show that the court ever informed the parties that this note had been received. As a result of the errors regarding these jury notes, we must reverse the defendant's conviction of resisting arrest (see People v Mack, 27 NY3d at 538; People v Walston, 23 NY3d 986, 990).
In light of the foregoing, we need not reach the defendant's remaining contentions.
Since the defendant was acquitted of the two most serious charges in the indictment and has already served the sentence imposed on his conviction of the misdemeanor, under the circumstances of this case and in the exercise of our interest of justice jurisdiction, dismissal of the indictment is appropriate (see People v Flynn, 79 NY2d 879, 882; People v Bailey, 164 AD3d 815, 819). The matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL § 160.50, including a determination of whether the record should be sealed.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court