People v Stephenson (2022 NY Slip Op 03281)

People v Stephenson

2022 NY Slip Op 03281

Decided on May 19, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 19, 2022

111397
[*1]The People of the State of New York, Respondent,
v
Herbert Stephenson, Appellant.

Calendar Date:April 25, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Eric M. Galarneau, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered September 11, 2018, convicting defendant upon his plea of guilty of the crimes of attempted assault in the first degree and criminal sale of a controlled substance in the third degree.
In full satisfaction of two multicount indictments, defendant agreed to plead guilty to attempted assault in the first degree and, additionally, to criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced to prison terms of nine years followed by five years of postrelease supervision upon the attempted assault conviction and five years followed by three years of postrelease supervision upon the drug conviction. The plea agreement also required defendant to waive his right to appeal. The foregoing prison terms would be served concurrently with one another, but the plea agreement also encompassed a separate indictment, pursuant to which defendant previously pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced to a prison term of five years followed by three years of postrelease supervision. As a result of this global disposition, it was understood that defendant would be sentenced to an aggregate prison term of 14 years followed by five years of postrelease supervision. After considering and initially rejecting the People's offer, and following the appointment of new counsel and additional motion practice, defendant pleaded guilty in conformity with the plea agreement, and County Court imposed the agreed-upon terms of imprisonment. This appeal ensued.
Defendant initially contends that his plea was coerced and, hence, was involuntary. Although this argument survives defendant's unchallenged appeal waiver, it is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion — despite having ample opportunity to do so prior to sentencing (see People v Jackson, 203 AD3d 1388, 1389 [2022]; People v Dickerson, 198 AD3d 1190, 1192-1193 [2021]; People v Conley, 161 AD3d 1486, 1486-1487 [2018]). Defendant nonetheless argues that the "inherently coercive" nature of his plea, i.e., the waiver of certain suppression hearings in exchange for continuing plea negotiations, gives rise to a "mode of proceedings" error, thereby obviating the need for preservation. We disagree.
"Not every procedural misstep in a criminal case is a mode of proceedings error" (People v Becoats, 17 NY3d 643, 651 [2011], cert denied 566 US 964 [2012]). Accordingly, "a court's failure to adhere to a statutorily or constitutionally grounded procedural protection [generally] does not relieve the defendant of the obligation to protest" (People v Kelly, 5 NY3d 116, 120 [2005] [footnote omitted]; accord People v Mack, 27 NY3d 534, 540 [2016]). The Court of Appeals, however, has carved out a "very narrow exception to the preservation rule" (People v Mack, [*2]27 NY3d at 540 [internal quotation marks and citation omitted]) — one that is "reserved for the most fundamental flaws" (id. at 541 [internal quotation marks and citation omitted]; see People v Hanley, 20 NY3d 601, 604 [2013]; People v Kelly, 5 NY3d at 119-120). Although not precisely defined, a mode of proceedings error is one that is essential to the validity or "go[es] to the very heart of the [judicial] process" (People v Hanley, 20 NY3d at 604 [internal quotation marks and citation omitted]; see People v Mack, 27 NY3d at 540-541; People v Rivera, 23 NY3d 827, 831 [2014]; People v Kelly, 5 NY3d at 119-120). "Aside from this tightly circumscribed class of claims, . . . other types of legal issues — including most errors of constitutional dimension — must be preserved in the trial court" (People v Hanley, 20 NY3d at 605 [internal quotation marks and citations omitted]). The mode of proceedings exception to the preservation requirement, although often analyzed with respect to trial-related errors, also has been considered in the context of the plea-bargaining process (see e.g. People v Votaw, 190 AD3d 1162, 1164 [2021], lv denied 36 NY3d 1101 [2021]; People v Wright, 119 AD3d 972, 973-974 [2014]).
Upon reviewing the record, we are not persuaded that defendant's decision to forgo the scheduled suppression hearings [FN1] in order to pursue a global disposition of the charges against him was either inherently coercive or the product of prosecutorial overreach, thereby constituting a mode of proceedings error for which no preservation was required (compare People v Wright, 119 AD3d at 974). A review of the April 2018 colloquy with County Court (M. Caruso, J.), wherein defense counsel explained in detail why he deemed the scheduled Huntley and Wade hearings to be "relative[ly] unimportan[t]" and the court, in turn, advised defendant — in equal detail — of the implications of defendant's decision to waive his right to such hearings, belies defendant's present claim of coercion. Defendant's argument in this regard is further undermined by the fact that, during the three months that elapsed between defendant's waiver of such hearings and his eventual guilty plea, defendant rejected the People's offer of a global disposition and — following the appointment of new counsel — engaged in further motion practice with respect to the indictment charging him with, as relevant here, criminal sale of a controlled substance in the third degree. Indeed, it was not until after the denial of his omnibus motion relative to the drug charge that defendant accepted the People's offer, which, as noted previously, resolved the two indictments at issue and also encompassed sentencing on a separate indictment to which defendant had pleaded guilty.
Under these circumstances, we do not find defendant's plea to be inherently coercive and, therefore, his challenge to the voluntariness of his plea does not present a mode of proceedings error that would eliminate the preservation [*3]requirement (compare People v Wright, 119 AD3d at 974). Defendant's ineffective assistance of counsel claim is similarly unpreserved (see People v Jackson, 203 AD3d at 1389; People v Stratton, 201 AD3d 1201, 1203 [2022]).
Garry, P.J., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The subject hearings were scheduled in connection with the indictment charging defendant with, among other crimes, attempted assault in the first degree.