People v Woods (2024 NY Slip Op 00984)

People v Woods

2024 NY Slip Op 00984

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rodriguez, Rosado, JJ. 

Ind. No. 3757/13 Appeal No. 1733 Case No. 2016-1983 

[*1]The People of the State of New York, Respondent,
v
Erica Woods, Also Known as Erica Morel, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Whitney Elliott of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

Judgment, Supreme Court, Bronx County (James W. Hubert, J.), rendered September 22, 2015, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony drug offender, to a term of five years, unanimously affirmed.
The court's failure to respond to the jury's request for a readback of defendant's summation before accepting the verdict does not warrant reversal. Prior to the verdict, the court advised the jury that it would read back the summation once it became available and if the jury still requested it at that time. By reaching a verdict before the court had an opportunity to arrange a readback, the jury implicitly indicated that it no longer needed the information requested (see People v Cornado, 60 AD3d 450, 451 [1st Dept 2009], lv denied 12 NY3d 913 [2009]). Thus, defendant was not "seriously prejudiced" by the lack of response to the request (People v Agosto, 73 NY2d 963, 966 [1989]; see People v Fuentes, 246 AD2d 474, 475 [1st Dept 1998], lv denied 91 NY2d 941 [1998]).
The court providently exercised its discretion in precluding defendant from cross-examining the arresting officer on the prior allegations of misconduct asserted against him in unrelated lawsuits. Defendant had not sufficiently demonstrated that the allegations were relevant to the officer's credibility (see People v Smith, 27 NY3d 652 [2016]). In any event, any error was harmless. The evidence of defendant's guilt was overwhelming, and there was no significant probability that the jury would have acquitted defendant had she been permitted to cross-examine the officer as requested, especially given that the officer's role in the buy and bust drug transaction was minor (see id. at 665; People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant's motion for a mistrial was properly denied. The People's introduction of the heroin recovered from the codefendant did not deprive defendant of a fair trial. Although the People ultimately elected not to submit the heroin-related counts to the jury, nothing indicated that the People introduced the heroin in bad faith (see People v De Tore, 34 NY2d 199, 207 [1974], cert denied sub nom. Wedra v New York, 419 US 1025 [1974]), and any prejudice was minimized by the court's curative instructions (see 
People v Jenkins, 186 AD3d 31, 41 [1st Dept 2020], lv denied 35 NY3d 1095 [2020]).
The record does not support defendant's claim that the court was biased against her.
THIS CONSTITUTES THE DECISION AND ORDER  OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024