People v Scavone (2024 NY Slip Op 51184(U))

[*1]

People v Scavone (Richard)

2024 NY Slip Op 51184(U)

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., WAVNY TOUSSAINT, PHILLIP HOM, JJ

2022-339 RI CR

The People of the State of New York, Respondent,
against
Richard Scavone, Appellant. 

New York City Legal Aid Society (Claire Glass of counsel), for appellant.
Richmond County District Attorney (Thomas B. Litsky and James J. Gandia of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Ann D. Thompson, J.), rendered March 30, 2022. The judgment convicted defendant, upon a jury verdict, of assault in the third degree and harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with two counts each of assault in the third degree (Penal Law § 120.00 [1]) and two counts of harassment in the second degree (Penal Law § 240.26 [1]), stemming from his actions against Frank Gentile and Mr. Gentile's sister while defendant was a bouncer at a bar. Following a trial, the jury found defendant guilty of the assault and harassment counts relating to Mr. Gentile but acquitted defendant of the assault and harassment counts relating to the sister. The Criminal Court (Ann D. Thompson, J.) sentenced defendant to 90 days' incarceration.
Contrary to defendant's contention, the Criminal Court properly denied his request to charge the jury with the defense of justification for use of physical force to prevent damage to [*2]premises. As is relevant to this appeal, under Penal law § 35.20 (1), a person may use physical force if he or she "reasonably believes such to be necessary to prevent or terminate what he or she reasonably believes to be the commission or attempted commission by such other person of a crime involving damage to premises." When determining whether a defendant is entitled to a justification charge, "[t]he court must view the evidence in the light most favorable to the defendant, and if there is 'any reasonable view of the evidence [that] would permit the factfinder to conclude that the defendant's conduct was justified,' the charge must be given" (People v Heiserman, 39 NY3d 988, 990 [2022], quoting People v Petty, 7 NY3d 277, 284 [2006]; see People v Douglas, 200 AD3d 795, 798 [2021]). " 'As a corollary, when no reasonable view of the evidence would support a finding of [justification], the court is under no obligation to submit the question to the jury' " (Heiserman, 39 NY3d at 990, quoting People v Watts, 57 NY2d 299, 301 [1982]).
Here, viewing the evidence in the light most favorable to defendant, there is no reasonable view of the evidence that would permit the jury to conclude that defendant's conduct was justified. At trial, defendant testified that, after bar staff broke up a shoving match between Mr. Gentile and another patron in the bar's back room, Mr. Gentile picked up a stool, turned towards defendant and swung the stool in his direction before throwing it down to the floor. Defendant claimed that the stool was thrown down in his direction, but he never testified that the stool struck him. He further testified that he was escorting Mr. Gentile out of the bar when, right before entering the vestibule, Mr. Gentile kicked a stool into the window while yelling threats and profanity. Defendant then testified that Mr. Gentile veered left upon entering the vestibule and that defendant punched Mr. Gentile because he
"[f]eared [Mr. Gentile] was going to grab one of those beer bottles or the fire extinguisher and continue his violent disruptive behavior and swing it or throw it at [defendant] like he did with the chair or hurt someone in the bar or hurt some of the property and wreck the bar."
The video evidence, however, completely undercuts any inference that defendant was justified. Mr. Gentile never moved to grab or pick up any object, nor made any attempt to damage the bar or its property in any way. Mr. Gentile began moving toward the exit which was a few feet away, with his back to the very objects defendant testified that he feared Mr. Gentile would pick up. As the video conclusively established that Mr. Gentile was not making any attempt to damage the premises when defendant punched him from behind, we find that there is no reasonable view of the evidence that would permit the jury to conclude that defendant was justified in using physical force to prevent damage to the premises (see Penal Law § 35.20 [1]; Heiserman, 39 NY3d at 990; Watts, 57 NY2d at 301; Douglas, 200 AD3d at 798).
In our view, the Criminal Court satisfied its obligations under People v O'Rama (78 NY2d 270 [1991]) while handling a jury note. During deliberations at 4:50 p.m., the jury submitted a note requesting "To see the 3rd video. A review for the 3 points for harassment and assault." While the court initially paraphrased the note to counsel before the jury's return, it [*3]subsequently read the note in the presence of the jury and counsel as requesting, according to the transcript, "to see the third video and review of the 3.4 Harassment and Assault charges."[FN1]
The court then advised the jury that it would dismiss them for the day and answer their inquiry in the morning. The next morning, after requesting input from the parties about responding to the jury's inquiry, the parties and the court agreed that the court would respond to the note by reading to the jury the same instructions that it had read to the jury the day before. Following the rereading, defense counsel did not object to the adequacy of the court's response.
In reading the jury's note into the record in the presence of counsel and the jury, the Criminal Court added the words "and" and "charges" and grammatically corrected "review for" to "review of." We find these edits to be insignificant as they did not alter the substance of the jury's request (see People v Pinkston, 198 AD3d 487, 488 [2021]; People v Almonte, 81 AD3d 564, 565 [2011]; People v Ramirez, 60 AD3d 560, 561-562 [2009], affd 15 NY3d 824 [2010]; cf. People v Dennis, 192 AD3d 1137, 1138-1139 [2021] [the court changed the substance of the jury's request by leaving out the word "transcript" when the jury asked for the transcript of a prison call, which transcript was not in evidence]; People v Petrizzo, 184 AD3d 673, 674 [2020] [the court changed the substance of the jury's request about resisting arrest by substituting the word "initially" for "intentionally"]). By reciting the jury's note in the manner that it did in the presence of counsel, defendant and the jury before providing a response, the court complied with its responsibility to provide counsel with "meaningful notice" of a substantive jury inquiry (People v Mack, 27 NY3d 534, 539 [2016]; see People v Nealon, 26 NY3d 152, 160-162 [2015]; see also CPL 310.30; People v Bedard, 64 Misc 3d 144[A], 2019 NY Slip Op 51295[U], *4 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]). 
Where meaningful notice of a jury's note has been given to defense counsel, a court's failure to provide a proper response to a jury's note does not constitute a mode of proceedings error (see Mack, 27 NY3d at 541-542), and, thus, preservation is required (see CPL 470.05 [2]; People v Wiggs, 28 NY3d 987, 989 [2016]). Here, defendant failed to object to the court's response to the jury, rendering his claim that the court gave an insufficient response unpreserved. In any event, on this record it cannot be said that the court's response to the jury note violated CPL 310.30 (see People v Aguilar, 41 NY3d 335 [2024]; People v Santi, 3 NY3d 234, 248 [2004]; People v Almodovar, 62 NY2d 126, 131 [1984]; People v Malloy, 55 NY2d 296, 302 [1982]; People v Mattison, 162 AD3d 905, 907 [2018]). 
Accordingly, the judgment of conviction is affirmed. 
MUNDY, J.P., TOUSSAINT and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024

Footnotes

Footnote 1: On appeal, defendant and the People acknowledge that "3.4" is likely a transcription error.